J-A09012-20

NON-PRECEDENTIAL DECISION — SEE SUPERIOR COURT I.O.P 65.37

COMMONWEALTH OF PENNSYLVANIA,      :    IN THE SUPERIOR COURT OF
                                   :           PENNSYLVANIA
                  Appellee         :
                                   :
        v.                         :
                                   :
PARIS FUQUE GLENN,                 :
                                   :
                  Appellant        :    No. 1388 WDA 2018
                                   :

Appeal from the Judgment of Sentence Entered August 23, 2018
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0001192-2018

BEFORE:  SHOGAN, J., MURRAY, J. and STRASSBURGER, J.*

CONCURRING AND DISSENTING MEMORANDUM BY STRASSBURGER, J.:
FILED JULY 30, 2020

As the learned Majority points out, Appellant raises four issues: I:

Denial of mistrial; II: Error in admitting hearsay; III: Challenge to the

discretionary aspects of sentencing, and IV: Illegal sentence.  See Majority

Memorandum at 3.

I join the Majority as to issues II, III and IV, but dissent as to issue I.

The prosecutor asked the victim, S.B., why Appellant was not allowed in

S.B.'s home when S.B.'s mom was not home and elicited the response:

"[B]ecause he touched people.  He touched kids."  N.T., 5/29/2018, at 33.

Appellant was on trial for exactly that: touching a kid, a heinous crime, and

the prosecutor is presenting testimony from an 11-year-old that Appellant

_____

* Retired Senior Judge assigned to the Superior Court.

has committed this crime before. This is error and it is prejudicial. There is no indication that the Commonwealth gave notice it would present this evidence pursuant to Pa.R.E. 404(b)(3) or that its probative value outweighed its potential for unfair prejudice pursuant to subsection (b)(2) of the same rule. This prejudice cannot possibly be cured by an instruction to the jury. Defense counsel did all that was required. Counsel moved for a mistrial, which was denied. There was no need to object to the cautionary instruction. The bell could not be unrung.

I would remand for a new trial.